IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(BID PROTEST)

| | |
|---|---|
| SCIENCE APPLICATIONS INTERNATIONAL CORPORATION,<br><br>*Plaintiff,*<br><br>v.<br><br>THE UNITED STATES,<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)  No. 26-00022<br>)<br>)  **Judge Dietz**<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF
LEIDOS, INC.'S UNOPPOSED MOTION TO INTERVENE**

In accordance with Rule 24 of the Rules of the United States Court of Federal Claims ("RCFC"), Leidos, Inc. ("Leidos") respectfully submits this Memorandum in Support of its Unopposed Motion to Intervene ("Motion") in the above-captioned protest. Leidos seeks to intervene to protect its rights as the awardee in the competition under the United States Air Force ("Agency" or "Air Force") Request for Proposal No. FA8726-25-R-B005. Leidos has conferred with counsel for the Plaintiff and Defendant, and neither objects to this Motion.

Under Rule 24(a)(2), Leidos is entitled to intervene as a matter of right because, as the awardee, it has an interest relating to the subject matter of this action and is "so situated that disposing of the action may as a practical matter impair or impede its ability to protect its interest . . . ." RCFC 24(a)(2). Alternatively, this Court should exercise its discretion to permit Leidos to intervene under RCFC 24(b) because Leidos's defenses will be based on the same questions of fact and law as the main action filed by Science Applications International Corporation ("SAIC"), and intervention would not "unduly delay or prejudice the adjudication of the original parties' rights." RCFC 24(b)(1)(B), (b)(3).

I.
**BACKGROUND**

On July 23, 2025, the Agency issued Request for Proposal No. FA8726-25-R-B005 to operate and continually enhance the Air Force Cloud One architecture and common shared services. The Agency contemplated awarding a contract under which the awardee will design, deploy, configure, operate, and maintain authorizations and accreditation of the Cloud One Environment and Common Shared Services. On December 11, 2025, the Agency awarded the contract to Leidos.

II.
**ARGUMENT**

A. **The Court Should Permit Leidos to Intervene as a Matter of Right.**

RCFC 24(a) provides for "intervention of right" upon timely application to the Court when the party seeking to intervene:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

RCFC 24(a)(2); *see also Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 413 (2006).

Leidos meets the Rule 24(a)(2) test. As the awardee, Leidos has a direct and immediate interest in the litigation, as its economic well-being will be affected by the Court's resolution of this bid protest. If this Court were to rule in favor of the Plaintiff, Leidos's interests would be affected because a re-evaluation or a new best-value determination may affect the award result. Furthermore, although the Defendant and Leidos both share an interest in demonstrating that the Agency's evaluation and the resulting award decision were proper, only Leidos can

adequately protect its interests in ensuring that any action taken does not adversely affect its interest in the contract it has been awarded.

"The United States Court of Appeals for the Federal Circuit has advised that 'the requirements for intervention are to be construed in favor of intervention.'" *Bannum, Inc. v. United States*, 96 Fed. Cl. 364, 378 (2010) (quoting *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989)).

Accordingly, Leidos meets the requirements of RCFC 24(a)(2) and respectfully requests that the Court grant its unopposed motion to intervene as of right.

**B.**     **The Court Should Exercise Its Discretion to Permit Leidos to Intervene.**

In the alternative, RCFC 24(b) provides for "permissive intervention," upon timely application, when an applicant "has a claim or defense that shares with the main action a common question of law or fact." RCFC 24(b)(1)(B). This Court's rules further state that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." RCFC 24(b)(3).

Leidos's defenses on the merits before this Court would share common questions of law and fact with the challenges asserted by the Plaintiff. It is likely that both the Defendant and Leidos will contend that the Agency's evaluation and the resulting award decision were proper and in accordance with law and regulation.

Leidos's participation in these proceedings will not unduly delay or prejudice the adjudication of this matter, as we would propose to submit briefs on the same schedule as the Court establishes for the other parties.

Accordingly, pursuant to RCFC 24(b), the Court should grant Leidos's motion to intervene.

## III.
## CONCLUSION

For the foregoing reasons, Leidos respectfully requests that the Court grant its motion to intervene.

Respectfully submitted,

s/ Paul F. Khoury
Paul F. Khoury
WILEY REIN LLP
2050 M Street NW
Washington, DC 20036
pkhoury@wiley.law
Phone: (202) 719-7346
Facsimile: (202) 719-7049

*Of counsel:*
Tracye Winfrey Howard
W. Benjamin Phillips, III
Jack O. Raineri
WILEY REIN LLP

Dated: January 9, 2026

*Counsel of Record for Leidos, Inc.*